PORTO RICAN & AMERICAN INSURANCE COMPANY, Plaintiff and Appellant, *v.* JUAN G. GALLARDO, TREASURER OF PORTO RICO, Defendant and Appellee.

No. 3789.   Argued February 7, 1927.—Decided July 7, 1927.

Attorney General *George C. Butte* and Assistant Attorneys *Carlos Llauger* and *J. A. López Acosta* for the appellee.   *J. J. Ortiz Alibrán* for the appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit to recover taxes paid under protest wherein we decided the main questions in favor of the tax-payer.   The treasurer based his assessment on $60,000 capital stock and $6,190 on undivided profits, amounting in all to $66,190.   The plaintiff presented a return which showed that its total property amounted to $139,245.57.   It admitted that it should pay taxes on $6,448.66, cash on hand, but in the eighth paragraph of the complaint denied that it should pay any tax on $59,741.34, the difference between the amount assessed and the amount admitted, inasmuch as the said difference was made up of liberty bonds, of shares of stock subject to tax, mortgage credits and other bills and notes exempt from taxation.   While the answer did deny the eighth paragraph of the complaint generally, the main part of the answer to this said paragraph was based on the general theory under which the plaintiff was taxed by the treasurer

and which we decided against him. Having doubts as to whether the plaintiff had really proved all its exemptions, we ordered a rehearing.

The government maintained that the assessment made by the treasurer does not show that any part of the exempt property was taxed. This is only an indirect way of raising the same question that was disposed of by our one main opinion. That the taxation must be on actual personal property is the effect of our opinion, and not on any assumption by the treasurer of taxable values.

The total property of the plaintiff amounted to $139,245.57. $90,537.26 in liberty bonds was clearly exempt, but the plaintiff does not satisfy us that any of the other items were so exempt.

We agree with the government that the $11,850 in shares of corporations were not shown to be exempt. Section 291 (d) of the Political Code exempts shares of other corporations when the property of such corporations is exempt or when the shares are taxable to said corporations. The appellant did not show at the time that its shares of stock were exempt in either way.

Similarly as to mortgage credits under section 291 (m), as follows:

"Non-interest bearing mortgage bonds and other obligations used exclusively as guarantees or securities for the proper performance of official duties; liens and censos the interest on which does not exceed five percent per annum, provided the same are specially devoted to carry out testamentary will applying them to charitable or educational purposes. But all property hereby exempted from assessment, in so far as it is real property, shall be duly listed, valued and described as is other property; and the Treasurer shall keep a record showing for each piece of real property so exempted its description and estimated value, and by whom it is owned, the reason for its exemption from taxation, and such other information as the Treasurer may deem desirable."

The plaintiff does not convince us that it falls under any

of these classes. Thus $16,000 of mortgage property are not cxempt.

Similarly as to other notes and credits amounting to $14,409.65. Including the $6,448.66 admitted to be due, all these items amount to $48,708.31. The basis of the assessment was $66,190, so that the plaintiff is only entitled to a return of two percent on the difference, or $17,481.69, which amounts to $349.63.

Perhaps some of the property was exempt, but the record fails to disclose the fact. The judgment will be modified to order the return of the said $349.63.